IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Scott Sours, ) | No. CV 10-0904-PHX-SRB (ECV) |
| Petitioner, ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| Dennis Smith, ) | |
| Respondent. ) | |

TO THE HONORABLE SUSAN R. BOLTON, UNITED STATES DISTRICT JUDGE:

**BACKGROUND**

Petitioner William Scott Sours has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Doc. 1. On April 17, 1998, Petitioner was sentenced in the United States District Court for the Northern District of Oklahoma to 96 months in prison, followed by three years of supervised release, for Armed Robbery Involving a Controlled Substance, in violation of 18 U.S.C. §§ 2118(A) and (C). Doc. 12, Exh. A, Attachment 1. He is currently in custody at the Federal Correctional Institution in Phoenix, Arizona. Doc. 1 at 1. Petitioner's projected release date is December 6, 2011, based on good conduct release credits. Doc. 12, Exh. A, Attachment 2.

Petitioner filed the instant petition on April 23, 2010, and raises one ground for relief. Doc. 1 at 4. He contends that Respondent has violated the provisions of the Second Chance Act by denying his request for relocation to his home state and earlier placement in a

Residential Re-Entry Center ("RRC"). Petitioner claims that Respondent has failed to comply with 18 U.S.C. §§ 3621(b) and 3624(c)(6), which require an individualized assessment and consideration of five factors. For relief, Petitioner asks the court to order Respondent to properly consider him for relocation to a facility in his home state and grant him the maximum time permitted in an RRC. Doc. 1 at 4-5. On July 1, 2010, Respondent, through the United States Attorney for the District of Arizona, filed a Response in Opposition to Petition for Writ of Habeas Corpus. Doc. 12. On July 8, 2010, Petitioner filed a Traverse to Response in Opposition by Respondent. Doc. 16.

## DISCUSSION

Respondent contends in his answer that the petition should be dismissed because the Petitioner has received the individualized consideration required under the Second Chance Act. Respondent further contends that Petitioner received timely consideration for RRC placement, despite his claim to the contrary, and that Petitioner is not entitled to relocation to Missouri. Petitioner argues in his traverse that Respondent has presented no facts to show he received an individualized assessment and that everyone receives that same RRC placement regardless of their offense.

The relevant statute under the Second Chance Act, 18 U.S.C. § 3624(c), provides in pertinent part:

> **(1) In general.** The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

The BOP Director is required to issue regulations implementing these provisions to ensure that placement in a community correctional facility by the BOP is:

> **(A)** conducted in a manner consistent with section 3621(b) of this title;
> **(B)** determined on an individual basis; and
> **(C)** of sufficient duration to provide the greatest likelihood of successful reintegration into the community.

18 U.S.C. § 1324(c)(6).

- 2 -

The BOP determines where a prisoner is held and "may designate any available penal or correctional facility that meets minimum standards of health and habitability" whether or not it's maintained by the federal government or in the district where the person was convicted. 18 U.S.C. § 3621(b). The BOP may designate a facility it deems appropriate upon consideration of:

> **(1)** the resources of the facilities contemplated;
>
> **(2)** the nature and circumstances of the offense;
>
> **(3)** the history and characteristics of the prisoner;
>
> **(4)** any statement by the court that imposed the sentence –
>   **(A)** concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>   **(B)** recommending a type of penal or correctional facility as appropriate; and
>
> **(5)** any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

Petitioner claims that Respondent has failed to demonstrate the BOP conducted an individualized assessment and considered the statutory factors when it authorized him to receive only six months of RRC placement. He further contends that the BOP failed to consider a release location where Petitioner would have the greatest likelihood of a successful adjustment. Petitioner, however, has presented little, other than his own assertions, to support his claims. He essentially claims that because he was not awarded 12 months of RRC placement, he must not have been properly considered. He attempts to demonstrate, through several signed, but un-notarized, affidavits that everyone receives the same RRC placement regardless of their crime. The fact, however, that several other inmates received six month RRC placements does not establish a failure to provide an individualized assessment in Petitioner's case.

Respondent has presented evidence showing how Petitioner was considered for RRC placement and transfer of his supervised release jurisdiction. Attached to Respondent's response in opposition is a Declaration by the Unit Manager of the prison unit where Petitioner is housed. Doc. 12, Exh. B. In the declaration, the Unit Manager explains how

1  she and other members of a "Unit Team" met with Petitioner for a Program Review on April
2  16, 2010, more than 19 months before his projected release date, to address his placement
3  in an RRC. <u>Id.</u>  The team considered the statutory factors set forth in 18 U.S.C. § 3621(b)
4  in determining the length of Petitioner's RRC placement. <u>Id.</u>  After consideration of those
5  factors, the team recommended that Petitioner be placed in an RRC for 180 days. <u>Id.</u>

6  Regarding Petitioner's request to change his RRC location to Missouri, the Unit
7  Manager states in her declaration that this issue was also discussed during the April 16, 2010,
8  Program Review.  Doc. 12, Exh. B.  Petitioner, however, did not provide a viable release
9  residence in Missouri, nor did Petitioner obtain approval for the relocation request from the
10 probation office in Missouri. <u>Id.</u>  The Unit Manager further explains that Petitioner still has
11 time to come up with a viable release plan in Missouri, in which case the RRC location could
12 be reconsidered <u>Id.</u>

13 The court finds that Petitioner has not demonstrated he is being held in custody in
14 violation of the Constitution or laws of the United States. <u>See</u> 28 U.S.C. § 2241(c)(3).  To
15 the contrary, the relevant evidence before the court shows Petitioner received an
16 individualized assessment of the length and location of his RRC placement, during which the
17 proper statutory factors were considered.  Because the BOP complied with the statutory
18 requirements in making these determinations, Petitioner's request for habeas relief must fail.
19 Accordingly, the court will recommend that the petition be denied and dismissed with
20 prejudice.

21 **IT IS THEREFORE RECOMMENDED:**

22 That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) be
23 **DENIED AND DISMISSED WITH PREJUDICE**;

24 This recommendation is not an order that is immediately appealable to the Ninth
25 Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
26 Appellate Procedure, should not be filed until entry of the district court's judgment.  The
27 parties shall have 14 days from the date of service of a copy of this recommendation within
28 which to file specific written objections with the Court. <u>See</u>, 28 U.S.C. § 636(b)(1); Fed. R.

Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 25th day of January, 2011.

*Edward C. Voss*
Edward C. Voss
United States Magistrate Judge