IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Scott Sours,<br><br>    Petitioner,<br><br>vs.<br><br>Dennis Smith,<br><br>    Respondent. | No. CV 10-0904-PHX-SRB (ECV)<br><br>**SUPPLEMENT TO<br>REPORT AND RECOMMENDATION** |

TO THE HONORABLE SUSAN R. BOLTON, UNITED STATES DISTRICT JUDGE:

Following the court's issuance of its Report and Recommendation (Doc. 19) on January 25, 2011, the court became aware of a recent Ninth Circuit Court of Appeals decision that further supports its recommendation to deny Petitioner's habeas petition. Because the decision addresses some of the same allegations Petitioner has raised, the court hereby supplements its Report and Recommendation with a discussion of the case.

In <u>Sacora v. Thomas</u>, 2010 WL 4925437 (9th Cir. Dec. 6, 2010), the Ninth Circuit considered whether Bureau of Prisons (BOP) policies regarding release to a residential re-entry center (RRC) are consistent with amended provisions of the Second Chance Act (SCA). A 2008 amendment to 18 U.S.C. § 3624(c), part of the SCA, extended a prisoner's eligibility for placement in a RRC from six months to twelve months. <u>Sacora</u> at *1. Soon after the amendment to the SCA, BOP officials issued a memorandum explaining the changes and

1  how they were to be implemented.  Sacora at *2.  Regarding the additional eligibility for
2  placement in an RRC, the memorandum provided:

> While the Act makes inmates eligible for a maximum of 12 months pre-release RRC placements, Bureau experience reflects inmates' pre-release RRC needs can usually be accommodated by a placement of six months or less.  Should staff determine an inmate's pre-release RRC placement may require greater than six months, the Warden must obtain the Regional Director's written concurrence before submitting the placement to the Community Corrections Manager.

7  Sacora at *2-*3.  The memorandum further provides that RRC placement decisions must be
8  made on an individual basis using the factors identified in 18 U.S.C. § 3621(b).  Sacora at
9  *2.

10        The court held that the BOP policy – that six months in a RRC is sufficient in most
11  cases but that each inmate is eligible for 12 months and must be considered on an individual
12  basis – is consistent with the SCA.  Sacora at 4.  The court noted that the policy
13  memorandum provides that each inmate's individualized assessment must now be
14  approached with the understanding that the inmate is eligible for up to 12 months in an RRC.
15  Sacora at *5.  It explained, however, that the BOP is "entitled to use its experience in
16  interpreting and administering a statute..."  Id.

17        Unlike the petitioners in Sacora, Petitioner here did not directly challenge the BOP
18  policy calling for a six month RRC placement in most cases.  He indirectly challenged the
19  policy, however, by alleging in his reply that all the inmates were receiving the same five to
20  six month RRC placement regardless of their offenses.  Doc. 16 at 3-4.  He provided six un-
21  notarized affidavits to support this allegation.  He claimed that this demonstrates inmates are
22  not receiving the required individualized assessment.  Under Sacora, however, a challenge
23  to the BOP policy to limit most inmates to six months in a RRC is foreclosed.  Sacora,
24  therefore, provides further support for the court's recommendation in the Report and
25  Recommendation to deny the petition.

28  **IT IS THEREFORE ORDERED:**

1    That this Supplement to Report and Recommendation is not an order that is
2 immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant
3 to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the
4 district court's judgment. . See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72.

5    That the parties shall have 14 days from the date of service of a copy of this
6 supplement within which to file specific written objections with the Court concerning both
7 the Report and Recommendation and the Supplement to Report and Recommendation.
8 Thereafter, the parties have 14 days within which to file a response to the objections. Failure
9 to timely file objections to the Report and Recommendation and the Supplement to Report
10 and Recommendation may result in the acceptance of the Report and Recommendation and
11 the Supplement to Report and Recommendation by the district court without further review.
12 See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file
13 objections to any factual determinations of the Magistrate Judge will be considered a waiver
14 of a party's right to appellate review of the findings of fact in an order of judgement entered
15 pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

16    DATED this 1st day of February, 2011.

_Edward C. Voss_
Edward C. Voss
United States Magistrate Judge