**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| William Scott Sours, | ) | No. CV10-0904-PHX-SRB |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Dennis Smith, | ) | |
| Respondent. | ) | |

Petitioner William Scott Sours filed his Petition for Writ of Habeas Corpus on April 23, 2010 raising one ground for relief. Petitioner asserted that he was denied an RRC placement decision on an individual basis according to criteria set out in 18 U.S.C. § 3624(c)(6), a provision of the Second Chance Act. He further asserts that he was denied relocation to his home state and RRC placement 17 to 19 months prior to his release date. Respondent filed a response in opposition to the Petition for Writ of Habeas Corpus and argued factually that Petitioner was given an individualized review 20 months prior to his projected release date, the necessary factors were considered and it was determined that 150 to 180 days of pre-release RRC placement was sufficient time for him to successfully transition into the community. Respondent argued that Petitioner provided no evidence to support his allegation that he was entitled to relocation to his home state. In support of these assertions, Respondent attached certain declarations and documents. In particular,

1  Respondent's Unit Manager Cherri Phillips provided a declaration asserting that Petitioner
2  was an inmate on her caseload and that she met with Petitioner along with the Unit Team on
3  April 16, 2010, approximately 20 months prior to his good-conduct time release date of
4  December 6, 2011.  Included among the purposes of the meeting was consideration for
5  placement in a Residential Reentry Center (RRC).  Ms. Phillips noted that at the meeting
6  Petitioner asked to change his RRC location to the Western District of Missouri because he
7  was under a State of Missouri parole board until January 23, 2027.  Petitioner's supervised
8  release jurisdiction is in the Northern District of Oklahoma, the district where he was
9  convicted and sentenced.  Ms. Phillips notes that Petitioner not only made this request on
10 April 16, 2010 but had made the same request for transfer of his supervised release
11 jurisdiction at his program review meeting on May 1, 2009 and October 22, 2009.  This
12 request is documented by the report prepared April 16, 2010 in connection with the program
13 review.  As further documented, after the program review in April 2009, the reviewer noted
14 that Petitioner did not have a viable release plan in the Western District of Missouri and that
15 unless he was able to provide his unit team with a viable release plan he would be released
16 to the Northern District of Oklahoma.  Ms. Phillips concluded her declaration by noting that
17 there was still sufficient time for Petitioner to come up with a viable release plan in the
18 Western District of Missouri and that at his next program review in October 2010, 14 months
19 prior to his release date, Petitioner may submit more information if his circumstances
20 changed and his placement date and location could be reconsidered.

21       Petitioner filed a traverse in response to the opposition to his Petition for Writ of
22 Habeas Corpus.  Petitioner argued that one of the requirements for RRC placement was
23 released to locations where inmates have the greatest likelihood of successful adjustment.
24 Petitioner argues that he has no lasting ties or meaningful contacts in the sentencing district,
25 the Northern District of Oklahoma, that his parole is in the State of Missouri through January
26 2027 and that he lived in Missouri and only traveled from Missouri to Tulsa, Oklahoma for
27 the purpose of committing the robbery. Petitioner argues that the Bureau of Prisons failed to
28 take into account his individualized needs which includes extended RRC placement and

1 longer than 150-180 days of RRC placement.

2     The Magistrate Judge issued a Report and Recommendation on January 25, 2011
3 recommending that the Petition be denied citing Respondent's evidence showing that
4 Petitioner was considered for RRC placement and transfer of his supervised release
5 jurisdiction. The Magistrate Judge concluded that Petitioner had not demonstrated that he
6 was being held in custody in violation of the Constitution or laws of the United States but
7 that the evidence showed that Petitioner received an individualized assessment of both the
8 length and location of his RRC placement during which the proper statutory factors were
9 considered.

10     On February 1, 2011 the Magistrate Judge issued a supplement to the Report and
11 Recommendation based on a recent opinion by the Ninth Circuit Court of Appeals, *Sacora*
12 *v. Thomas*, 628 F.3d 1059 (9th Cir. 2011). This case addressed the question of whether the
13 Bureau of Prison's policies regarding release to Residential Reentry Centers are consistent
14 with the amended provisions of the Second Chance Act, specifically, the 2008 amendment
15 to 18 U.S.C. § 3624(c) which extended a prisoner's eligibility for placement in an RRC from
16 6 to 12 months. In *Sacora,* the court addressed a memorandum issued by the Bureau of
17 Prisons concluding that pre-release RRC needs can usually be accommodated by a placement
18 of 6 months or less even though the Second Chance Act makes eligibility for pre-release
19 RRC placements a maximum of 12 months. The memorandum requires that a prison warden
20 obtain a regional director's written concurrence before submitting a placement to an RRC of
21 longer than 6 months. The Magistrate Judge's Supplemental Report and Recommendation
22 noted that this Bureau of Prison's policy of 6 months in an RRC in most cases despite inmate
23 eligibility for 12 months is consistent with the Second Chance Act. The Magistrate Judge
24 concluded that Petitioner's challenge to RRC placement of 5 to 6 months is foreclosed by the
25 *Sacora* decision and provides further support for the recommendation to deny the Petition
26 for Writ of Habeas Corpus.

27     Petitioner filed objections to the original Report and Recommendation dated January
28 28, 2011 and to the Supplement to the Report and Recommendation dated February 5, 2011.

1 Respondent filed a response to Petitioner's objections on February 14, 2011.

2 In his objections Petitioner asserts that the Magistrate Judge had lost sight of what
3 Petitioner requested in his petition. "All the Petitioner is asking the Court is to ORDER the
4 BOP to provide the Petitioner with his due process rights to be considered in a (sic)
5 individual assessment of his needs consistent with the provision in § 3621(b)." Petitioner
6 claims that Respondent presented no evidence that he was given an individual assessment
7 as required by law but made nothing more than conclusory statements that he had been
8 considered. He asserts that his unit team was unaware that he had been incarcerated for more
9 than 30 years and that he came into federal custody from a state prison in Missouri where he
10 had served 23 years before being paroled to his federal sentence. The Declaration of Cherri
11 Phillips is to the contrary. It specifically notes awareness of Petitioner's parole status in
12 Missouri. Petitioner further notes in his objections, "Since this hearing and the filing of this
13 Petition, the Unit Team has put the Petitioner in for a relocation to the state of Missouri."
14 He argues however, that it should have been done sooner, at his October 2009 review. Based
15 on Petitioner's statement in his objection part of his argument that he was denied relocation
16 to his home state may have become moot. It appears that his Unit Team is attempting to have
17 that relocation approved.

18 In Petitioner's Objections to the Supplement, he again argues that the Magistrate Judge
19 misinterprets his arguments.

20 Petitioner is arguing that the BOP and the Respondent are not giving him the
individualized assessment of his individual needs under the SCA. The
21 Respondent make a overall conclusory claim that they considered the
Petitioner under the factors set forth in 18 U.S.C. § 3621(b) and determined
22 that six months was sufficient time for the Petitioner.

23 He argues that this was not an individualized assessment because his Unit Team was not
24 aware that he had been incarcerated for 30 years, most of which time was served in the
25 Missouri State Penitentiary. He argues that his Unit Team's ignorance of this fact
26 demonstrates that he was not given an individual assessment.

27 Other than Petitioner's two statements that his Unit Team was not aware that he had
28 served time in the Missouri State Penitentiary the other submitted evidence shows that they

were. The Bureau of Prison's sentence monitoring computation data for Petitioner shows that upon his federal sentence completion he was subject to parole until January 23, 2027 in the State of Missouri. The Declaration of Cherri Phillips reflects her awareness that at the time of his April 16, 2010 program review Petitioner wanted to change his RRC location to Missouri because he was under the State of Missouri Parole Board until January 23, 2027 for state offenses and that he had made this request as early as May 1, 2009 and again on October 22, 2009. The progress report prepared in connection with his April 16, 2010 program review contains specific acknowledgment that he is on parole release with the State of Missouri until January 23, 2027. Petitioner's statement that his Unit Team was unaware of his Missouri parole is simply not borne out by the contemporaneous evidence prepared at the time of his program review. That contemporaneous evidence further supports Respondent's claim that Petitioner was advised that if he could come up with a viable release plan for Missouri that the paperwork would be submitted. Apparently he has done that and acknowledges that transfer paperwork has now been submitted to the probation department in Missouri for consideration of transfer of his supervised release.

The primary arguments made in the Petition for Writ of Habeas Corpus and as confirmed by Petitioner in his Objections are that he was not given individualized consideration of his RRC placement and relocation to his home state as required by 18 U.S.C. § 3621(b). The evidence contradicts both arguments. Petitioner was given individualized consideration and it appears that his Unit Team continues to work with him to attempt to make a viable plan for relocation to his home state. Moreover, Petitioner presents no evidence that a 180 day placement violates his statutory rights and the recent Ninth Circuit decision in *Sacora* suggests that such an argument is foreclosed.

IT IS ORDERED overruling Petitioner's Objections and Supplemental Objections to the Magistrate Judge's Report and Recommendation and Supplement to Report and Recommendation.

IT IS FURTHER ORDERED adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court.

1   IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus is denied.

2   IT IS FURTHER ORDERED denying any Certificate of Appealability and leave to
3   proceed *in forma pauperis* on appeal. Petitioner has not made a substantial showing of the
4   denial of a constitutional right.

6   DATED this 24th day of March, 2011.

_____
Susan R. Bolton
United States District Judge